United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRISTOPHER NAPOLI,<br><br>　　　　Defendant._____/ | No. 10-cr-00642-CRB<br><br>**ORDER DENYING MOTIONS FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE** |

　　　　Now before the Court are attorney Joseph P. Green, Jr.'s motions for relief from two nondispositive pretrial orders entered by Magistrate Judge Nathanael M. Cousins. See Objection re Mot. to Quash (dkt. 1435) and Objection re Mot. to Compel (dkt. 1436). On March 27, 2015, Magistrate Judge Cousins entered an order granting in part and denying in part the Government's motion to compel Green's production of certain documents, and denying Green's motion to quash a subpoena. See Order on Discov. Mot. (dkt. 1432).

　　　　The subpoenaed documents relate to the assertion of an advice-of-counsel defense raised by Green's client, Christopher Napoli, at Napoli's trial where he was convicted of drug trafficking and money laundering crimes arising out of his operation of illegal internet pharmacies. See Dkts. 1042, 1068. The Court sentenced Napoli to 48 months of imprisonment, 3 years of supervised release, and entered a forfeiture order of approximately $24 million. See Dkt. 1204. On October 14, 2014, the Government moved to compel Green

to produce documents and provide deposition testimony in connection with the Government's efforts to locate and identify assets subject to forfeiture. See Mot. Compel (dkt. 1409). Green opposed the motion and objected to the discovery on the grounds that it seeks information protected by the attorney-client and/or attorney work product privilege. See Opp. (dkt. 1421). In response to a previous Order (dkt. 1424), Green provided Magistrate Judge Cousins with a privilege log of the withheld documents for in camera review (dkt. 1425), so that Magistrate Judge Cousins could determine whether each is protected by the attorney-client or work product privilege and, if so, whether the crime-fraud exception applies (dkt. 1427). Magistrate Judge Cousins granted in part and denied in part the Government's motion to compel production of these documents, looking at each document in turn and finding that a few were privileged and the rest were not. See Order on Discov. Mot. at 10–19. Also before Magistrate Judge Cousins was Green's motion to quash the Government's subpoena to Sovereign Bank seeking records pertaining to bank accounts held in the name of Green's law firm. See Mot. Quash (dkt. 1408). Magistrate Judge Cousins denied Green's request to quash the subpoena because the law enforcement inquiry is legitimate, the records are relevant to that inquiry, and disclosure would not require Green to reveal private information about third-party clients within the meaning of rules of professional conduct. See Order on Discov. Mot. at 20–22. Green timely objected under Federal Rule of Criminal Procedure 59(a) to Magistrate Judge Cousins' rulings.

Rule 59(a) directs this Court to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is contrary to law or clearly erroneous." See also 28 U.S.C. § 636(b)(1)(A) (noting that the district court may reconsider magistrate findings that are "clearly erroneous"). "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Concrete Pipe and Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 622 (1993) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." Id. at 623;

2

1  see also In re Papio Keno Club, Inc., 262 F.3d 725, 729 (8th Cir.2001) ("To be clearly
2  erroneous, a decision must strike [the reviewing court] as more than just maybe or probably
3  wrong; it must . . . strike the [the reviewing court] as wrong with the force of a
4  five-week-old, unrefrigerated dead fish.") (citation and internal quotation marks omitted).

5        The Court concludes that the Order bearing the brunt of Green's latest objections was
6  not erroneous, clearly or otherwise, and thus the Court sees no basis to disturb Magistrate
7  Judge Cousins' findings.  Green's various objections to rulings regarding the underlying
8  bank records have gotten substantial air time, both in this Court on numerous occasions and
9  by Magistrate Judge Cousins, and both in the form of hearings and written filings.  See, e.g.,
10 Order on Discovery Motions (dkt. 1432); Order Clarifying Order Directing Ex Parte
11 Submission (dkt. 1429); Order to Submit Documents for In Camera Review (dkt. 1427);
12 Order to File Privilege Log (dkt. 1424); Minute Entry for Hearing (dkt. 1423); Transcript of
13 Proceedings (dkt. 1419).  In the course of this long process, both Magistrate Judge Cousins
14 and this Court have come to agree that Green's objections are without merit.  As to the
15 Government's motion to compel, Magistrate Judge Cousins reviewed in camera each of the
16 41 items listed in Green's privilege log.  Magistrate Judge Cousins correctly determined that
17 certain documents were protected as work product or by the attorney-client privilege and that
18 those protections were not waived or overcome by the crime-fraud exception, and that the
19 rest of the documents did not fall under the legal standards for protection.  See Order on
20 Discov. Mot. at 10–19.

21       As to the motion to quash, Magistrate Judge Cousins committed no error in explaining
22 that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate
23 and that the records sought are relevant to that inquiry, and that the Government has
24 substantially complied with 12 U.S.C. § 3410(c).  See Order on Discov. Mot. at 20–21.
25 However, the Court also agrees with Magistrate Judge Cousins that the privacy interests that
26 Green raises could be addressed by producing the documents under a protective order.  Green
27 moves for a protective order in his instant motions for relief, but provides no proposed
28 protective order and no elaboration as to how a tightly drawn protective order could address

3

his concerns.  Accordingly, the Court hereby DENIES the motion for a protective order WITHOUT PREJUDICE.  Green, after conferring with counsel for the Government, may seek a narrowly tailored protective order from this Court under Federal Rule of Civil Procedure 26(c)(1) that would limit the Government's distribution and use of the third-party financial records.

To the extent that Green asserts yet again that the action should be transferred to the Eastern District of Pennsylvania to avoid undue burden on him, the Court affirms Magistrate Judge Cousin's denial of that request.  <u>See</u> Order on Discov. Mot. at 22.  The Court also affirms Magistrate Judge Cousins' Order in all other respects.

**IT IS SO ORDERED.**

Dated: April 14, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE