IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-cr-00642-CRB |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO FILE FOR RECONSIDERATION** |
| v. | |
| CHRISTOPHER NAPOLI, JOSEPH CAROZZA, AND DANIEL JOHNSON, | |
| Defendants. | |

This Court sentenced Joseph Carozza and his co-defendants Christopher Napoli and Daniel Johnson on March 26, 2013. For over two years since those sentences were imposed, this Court has allowed these defendants to remain on bail to allow the Ninth Circuit to evaluate every issue raised on appeal. On April 14, 2015, the Ninth Circuit unanimously affirmed these defendants' convictions in full. In light of that ruling, the Government moved to vacate bail pending appeal and for an order of surrender. See Mot. to Vacate Bail (dkt. 1437). The Government argued that the affirmance eliminated the likelihood that a substantial question of law or fact may be decided in the defendants' favor, thereby removing the statutory basis for the defendants to remain on bail. Under 18 U.S.C. § 3143(b), a judicial officer "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds . . . that the appeal is not for the purpose of delay and raises a substantial

question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence . . . ." Nevertheless, in an abundance of caution, this Court allowed the defendants to postpone their surrender date yet again, until they filed their petition for rehearing—complete with a substantial extension of time from the Ninth Circuit of the filing deadline—and until the Ninth Circuit ruled on it. But at the hearing on this matter, the Court warned the parties that it would not allow the defendants to further postpone their surrender date after a Ninth Circuit denial of rehearing en banc by seeking a writ of certiorari, and invited the Government to file "a motion for reconsideration of remand upon the issuance of the mandate or the filing of a petition for writ of certiorari." See Minutes April 29, 2015 (dkt. 1446).

Now, that course of events has come to pass. On July 29, the Ninth Circuit denied the defendants' petition for rehearing en banc in an order that noted that not a single judge requested a vote on the petition. Order of USCA (dkt. 1451). Shortly thereafter, the Government renewed its motion to vacate bail and requested an order of surrender. See Second Mot. to Vacate (dkt. 1454). This Court granted the motion and ordered defendants to surrender to the Bureau of Prisons within 30 days of July 31, 2015. See Order (dkt. 1456). Amazingly, Carozza and his co-defendants nevertheless now move for leave to file a motion for reconsideration of this Court's Order vacating bail and ordering surrender, on the basis that they moved the Ninth Circuit to stay the mandate pending disposition of a petition for certiorari. See Mot. (dkt. 1457); Joinders (dkts. 1458 and 1459). That request is hereby DENIED. In light of the Ninth Circuit denial of rehearing en banc in the circumstances of this appeal, there no longer is any basis whatsoever on which defendants could meet their burden of showing that the appeal "raises a substantial question of law or fact likely to result in" reversal, a new trial, or a reduced sentence. See 18 U.S.C. § 3143(b). Accordingly, this Court's order vacating bail pending appeal and ordering surrender within 30 days of July 31, 2015 is appropriate and remains in effect.

To the extent Carozza's motion for an extension of his surrender date is based on his nieces's planned mid-September surgery, the Court notes that absence at important family

1 events is part and parcel of being sentenced to incarceration for committing a serious crime.
2 Indeed, having postponed his surrender date for over two years since his sentencing, Carozza
3 has had far more opportunity than most to attend to and plan for family obligations.  It's time
4 to face the music.

**IT IS SO ORDERED.**

Dated: August 20, 2015



CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE